UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

GINA DELIA,                                          :
                                                    :
                                    Plaintiff,      :
                                                    :          19 Civ. 3109 (LGS)
                  -against-                          :
                                                    :          **OPINION AND ORDER**
UBS FINANCIAL SERVICES, INC. et al.,                :
                                                    :
                                    Defendants.  :

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Gina Delia, individually and as the Executor of Denis Delia's Estate (the

"Estate"), brings this action against UBS Financial Services Inc. ("UBS"), UBS Financial

Services Inc. Financial Advisor Survivor Benefit Plan (the "Plan") and the Plan Administrator

for the Benefit Plan (the "Plan Administrator").  She seeks damages under state law and the

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq.* ("ERISA") due to

an alleged wrongful refusal to provide her appropriate survivor benefits after Mr. Delia's death.

Defendants have filed a motion for summary judgment.  For the reasons below, the motion is

granted, and the case is closed.

**I.     BACKGROUND**

      The following facts are undisputed.  UBS has offered survivor benefits under the Plan to

eligible employees since 2009.  The 2016 Summary Plan Description (the "SPD")[1] states the

Plan eligibility requirements as follows:

---

[1] The Court relies on the SPD to state accurately the binding terms of the Plan, which is an
accepted approach in this and other circuits.  *See Silverman v. Teamsters Local 210 Affiliated
Health and Ins. Fund*, 761 F.3d 277, 286-87 (2d Cir. 2014) (collecting cases and stating that
"ERISA itself does not make plain where one looks to find the terms of an ERISA plan, other
than to mandate that every employee benefit plan shall be established and maintained pursuant to

You are eligible to participate in the Plan if:

(1) on January 1 of the applicable Plan year, you are a full-time employee of the Firm or one of its affiliates or subsidiaries that participates in the Plan (the "Participating Companies") holding the position of Financial Advisor . . .; and

(2) you have at least five years of continuous service with the Firm and the Participating Companies as of the date on which you are notified that you are eligible to participate in the Plan, or you will have five years of continuous service with the Firm and the Participating Companies within the plan year that you are notified that you are able to participate in the plan; and

(3) your 12-month gross production is $500,000 or more.

For financial advisors hired prior to January 1, 2014, you may nevertheless be eligible to participate in the Plan if you had met the Plan's previous length of service requirement of three years of continuous service even if you currently have not reached five years of continuous service with the Firm and the Participating Companies as long as you meet the other eligibility requirements.

The SPD also includes a section titled "Enrollment Procedure for Newly Eligible

Financial Advisor," which states:

The Plan Administrator will notify you if you are a Financial Advisor who becomes newly eligible to enroll in the Plan.  If you are newly eligible, you must affirmatively enroll in the Plan if you wish to be a participant.  To enroll, you must elect the benefit via the Your Benefits Resources ["YBR"] website during the effective Open Enrollment period.  If you are eligible to participate in the Plan and you do not affirmatively enroll in the Plan in accordance with this SPD, you will not be a participant in the Plan and you will not have another opportunity to enroll in the Plan in the future.

Mr. Delia was continuously employed at UBS as a Financial Advisor from April 2013

through his death in June 2018, and in 2016 his 12-month gross production in the prior calendar

_____

a written instrument.  But a number of federal appellate circuits, including this Court, have identified (in varying contexts) two documents as setting forth plan terms: (1) the governing plan document, *i.e.*, the trust agreement or contract under which the plan was formed; and (2) the summary plan description ('SPD') a plain-English summary of plan benefits and obligations that the plan administrator must file with the United States Department of Labor and provide to each participant and beneficiary of the plan.") (internal citations and quotations omitted).  The parties did not file a copy of the Plan document in connection with the motion.

year was at least $500,000.  On February 18, 2016, after Mr. Delia's third year of service at UBS had begun but before he had completed three total years at the company, the UBS benefits third-party service provider sent an email to a list of employees, including Mr. Delia.  The email reminded the recipients of the features of the Plan, notified them that the Plan Administrator had set an enrollment period for the Plan, to expire on March 2, 2016, and provided instructions on how to log onto a linked web page established by UBS for use in electing to enroll.  After explaining the Plan's eligibility requirements, the email stated that "[o]ur records indicate you will be completing your third year of service with [UBS] by December 31, 2016."  The email also stated that "[t]o accept participation in the Survivor Benefit Plan you must log onto YBR and complete your enrollment election or click on the link below before 3/2/16."  Mr. Delia did not enroll in the Plan.

A second email was sent on February 25, 2016.  It contained the same information as the prior email, including the eligibility requirements, that the enrollment period ended on March 2, 2016, and how to enroll.  The email stated, "If you do not enroll, you are no longer eligible to participate in the UBS Financial Advisor Survivor Benefit, and no coverage will be in place for you under this benefit.  As per the [SPD], you will not have another opportunity to enroll in the plan in the future."  An email with the same information was also again on March 1, 2016.  Mr. Delia did not enroll in the Plan in response to the email.

On March 7, 2016 -- several days after the enrollment period had concluded -- the UBS Director of Health & Welfare ("HWB Director") personally sent Mr. Delia an email titled "FINAL REMINDER," informing him that the enrollment period for the Plan had expired, but nonetheless affording him an extension to elect to enroll through and including March 8, 2016. The email repeated the instructions on how to log onto the linked webpage to enroll and stated

that "[t]o accept participation in the Survivor Benefit Plan you must log onto YBR and complete your enrollment election or click on the link below before 3/8/16." Mr. Delia did not enroll in the Plan.

In June 2018, after Mr. Delia had died, Plaintiff requested benefits under the Plan. The Plan Administrator verbally denied the request but advised her that she could submit a formal written appeal. Plaintiff filed a written appeal on June 26, 2018. By email on August 8, 2018, the Plan Administrator denied Plaintiff's appeal, and the denial was confirmed and explained in a letter dated August 23, 2018.

## II.    STANDARD

Summary judgment is appropriate if the record establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party "bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Nick's Garage, Inc.*, 875 F.3d at 114 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (alteration in original). The evidence is construed in the light most favorable to, and all reasonable inferences are drawn in favor of, the nonmoving party. *Nick's Garage, Inc.*, 875 F.3d at 113. Summary judgement is improper if there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn. *Id.* at 123.

"However, a party may not rely on mere speculation or conjecture as to the true nature of facts to overcome a motion for summary judgment." *Federal Trade Commission v. Moses*, 913

F.3d 297, 305 (2d Cir. 2019) (citation and internal quotation marks omitted).  "Conclusory . . . denials therefore are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist."  *Id.* (citation and internal quotation marks omitted).

**III.    ANALYSIS**

   **A.    ERISA Claim**

Summary judgment is granted to Defendant on Count III, the sole federal claim.  Plaintiff alleges that the Plan Administrator and Plan breached their fiduciary duties to Plaintiff under ERISA sections 404(a) and 502(a).  *See* 29 U.S.C. §§ 1104, 1132(a).  She seeks to recover benefits under the Plan.  However, ERISA section 502(a), which creates a private right of action, permits only a plan "participant" or "beneficiary" (or fiduciary, which is not relevant here) to bring an action to recover benefits or enforce rights under the terms of a plan.  29 U.S.C. § 1132(a)(1)(B).  Summary judgment is granted as to this claim because Plaintiff is neither a participant nor beneficiary, and therefore is not entitled to bring this claim under ERISA.

   **1.    Neither Mr. Delia nor the Estate is a "Participant."**

With regard to who is a participant under the Plan, the SPD states, "If you are newly eligible, you must affirmatively enroll in the Plan if you wish to be a participant.  To enroll, you must elect the benefit via the 'Your Benefits Resources ["YRB"]' website during the effective Open Enrollment period."  The SPD also states who is *not* a participant: "If you are eligible to participate in the Plan and you do not affirmatively enroll in the Plan in accordance with this SPD, you will not be a participant in the Plan and you will not have another opportunity to enroll in the Plan in the future."

Under ERISA section 3(7), as relevant here, a "participant" means "any employee who is or may become eligible to receive a benefit . . . or whose beneficiaries may be eligible to receive

any such benefit."  29 U.S.C. § 1002(7).  In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101

(1989), the Supreme Court ruled that a claimant "may become eligible" for benefits when she

has a colorable claim that (1) she will prevail in a suit for benefits or (2) the eligibility

requirements will be fulfilled in the future.  489 U.S. at 117-18 (citations and quotation marks

omitted); *accord Bulovic v. Both*, 14 F. Supp. 3d 365, 383 (S.D.N.Y. 2014).  When a decedent's

estate claims benefits under ERISA, which is the case here, courts determine participant status

based on the date of the employee's death, rather than the date the complaint was filed.  *See*

*Miller v. Rite Aid Corp.*, 504 F.3d 1102, 1107 (9th Cir. 2007) ("In the case of a deceased

employee, it would seem to make more sense to look to the time of the employee's death to

determine whether he is covered" by the ERISA plan).

Plaintiff argues that Mr. Delia's Estate is a participant because the Estate has a colorable

claim to prevail in a suit for benefits.  The undisputed facts, however, show that this is not the

case because Mr. Delia had no claim for benefits when he died in June 2018.

Mr. Delia was "newly eligible" under the terms of the Plan as of January 1, 2016.  He

met the three requirements for eligibility – (1) he was a Financial Advisor; (2) he met the gross

production threshold and (3) he was hired in April 2013 (*i.e.*, before January 1, 2014) and in

2016 had "[three] years of continuous service with the Firm . . . within the plan year that [he

was] notified that [he was] able to participate in the plan."  (As to this requirement, the Plan

required five years of continuous service for those hired on or after January 1, 2014, and three

years continuous service for those hired before January 1, 2014.)

Because Mr. Delia was "newly eligible," in order to be a participant, he was required to

"affirmatively enroll in the Plan . . . during the effective Open Enrollment period."  Mr. Delia

was sent a notice by email on February 18, 25 and March 1, 2016, that he was able to participate

6

in the Plan and that, to do so, he must complete his enrollment by March 2, 2016, which was the end of the Open Enrollment period.  He did not enroll by then nor by March 8, 2016, which was the extended deadline he was given for late but effective enrollment pursuant to a fourth notice sent on March 7, 2016.  He was therefore subject to the provision in the SPD that stated: "If you are eligible to participate in the Plan and you do not affirmatively enroll in the Plan in accordance with this SPD, you will not be a participant in the Plan and you will not have another opportunity to enroll in the Plan in the future."

Mr. Delia therefore had no claim to benefits and was not a "participant" authorized to sue under ERISA at the time of his death.  *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 360-62 (2d Cir. 2016) (holding that plaintiffs lacked a cause of action under ERISA section 502(a)(3) because they were not participants, beneficiaries or fiduciaries).

Plaintiff argues that Defendants did not comply with the terms of the Plan because Mr. Delia did not receive notice of his eligibility or the opportunity to enroll "upon becoming newly eligible."  Plaintiff misreads the Plan, asserting that Mr. Delia did not become eligible until "some time after his third anniversary of employment in April 2016."  In fact, Mr. Delia satisfied the length of service requirement on January 1, 2016, when he had "[three] years of continuous service with the Firm . . . within the plan year that [he was] notified that [he was] able to participate in the plan."

Plaintiff also argues that because Mr. Delia was eligible to participate in the Plan at some point prior to his death, he is a participant for purposes of the Plan and ERISA.  This assertion is incorrect, as he was rendered ineligible when he failed to enroll, and was neither eligible nor a participant at the time of his death.

### 2.      Neither Plaintiff nor the Estate is a "Beneficiary."

Mr. Delia's Estate also is not a plan beneficiary.  ERISA section 3(8) defines a beneficiary as an individual designated by a participant, or by the terms of the plan, to receive benefits under the plan.  *Bulovic*, 14 F. Supp. 3d at 390; *accord* 29 U.S.C. § 1002(8).  As described above, Mr. Delia was not an ERISA participant in the Plan at the time of his death because he did not have a colorable claim to prevail in a suit for benefits at that time.  No designation of a beneficiary could therefore have taken place.  Plaintiff is correct that, under the SPD, if no beneficiary is named then the benefits go by default to the Estate.  But because Mr. Delia never enrolled or had a claim for benefits, this provision could not have been invoked.

### 3.      No Triable Issue of Fact as to the Notices Precludes Summary Judgment.

Plaintiff argues that an issue of fact remains as to whether the four email notices were sent to Mr. Delia or whether he received them.  As to whether Mr. Delia received the notices, this argument fails because the Plan does not make his receipt of any notice a condition of eligibility.  The only reference to notice in the SPD states, "The Plan Administrator will notify you if you are a Financial Advisor who becomes newly eligible to enroll in the Plan."

With regard to Defendants' sending the notices, Defendants submit evidence that the first three notices were emailed to Mr. Delia by the UBS benefits third-party service provider, and that the fourth notice was emailed to him by the HWB Director.  The evidence consists of copies of the four email notices and a declaration of the HWB Director that she reviewed records created and maintained by UBS in the ordinary course of its business showing that the emails were sent.  This evidence is sufficient on a motion for summary judgment to show that the emails were sent because "[h]earsay evidence is admissible at the summary judgment stage if the contents would [or could] otherwise be admissible at trial."  *GE Funding Capital Mkt. Servs.,*

*Inc. v. Neb. Inv. Fin. Auth.*, 15 Civ. 1069, 2017 WL 2880555, at *3 (S.D.N.Y. July 6, 2017), *aff'd*, 767 F. App'x 110 (2d Cir. 2019). (alteration in original)).

Plaintiff submits no conflicting evidence to show that the notices were not sent. Plaintiff's sole evidence is the assertion in her 2018 appeal letter that *she* is "not aware of [Mr. Delia] receiving any [2016] email or other notices from UBS relating to the Plan." This evidence is not inconsistent with UBS sending Mr. Delia notices (nor is it inconsistent with Mr. Delia's receiving the notices and overlooking them, or disregarding them, or simply not mentioning them to Plaintiff.)

Plaintiff objects to evidence of the first three notices on the ground that the HWB Director is not competent to testify what the third-party service provider did, and that the facts cannot be presented in a form that would be admissible. This argument is rejected because the HWB Director's testimony is not that she has first-hand knowledge that the first three notices were sent, but rather that UBS maintains business records reflecting that fact. She is competent to testify about that fact, and presumably at trial she or another witness could provide the full foundation necessary to establish the business records exception to the hearsay rule. [2] See Fed. R. Evid. 803(7). Plaintiff objects to the HWB Director's testimony about the fourth notice on the

---

[2] In response to Plaintiff's objection, Defendants filed a reply declaration from another declarant that describes in greater detail the business record at issue, which is an email journal that contains copies of the emails sent and received by UBS, including those sent to Mr. Delia. Plaintiff objects on the ground that neither the email journal nor the affiant was previously disclosed. As this Opinion does not rely on the reply declaration, the objection is moot. To the extent this affiant were a necessary witness at a trial for the admissibility of notices, Plaintiff's non-disclosure objection could be remedied with a brief, pretrial deposition of the witness. Plaintiff is not prejudiced by any surprise with regard to the notices as they were expressly referenced as early as the appeal denial letter in August 2018 prior to the filing of the lawsuit. Consequently, the notices could or would be admissible at trial, and can be considered as evidence here. *See GE Funding Capital Market Servs., Inc. v. Nebraska Invest. Fin. Auth.*, 15 Civ. 1069, 2017 WL 288055, at *3 (S.D.N.Y. July 6, 2017).

ground that the Director is not competent to attest whether Mr. Delia received the fourth notice. That argument is also rejected because that is not the substance of her testimony. The HWB Director's testimony is that she emailed Mr. Delia the fourth notice and that her sending it is evidenced by UBS business records.

### 4. The Plan Administrator's Decision

Defendants seek summary judgment on the alternative ground that the Plan Administrator's decision to deny Plaintiff benefits should be affirmed. This argument is not addressed in detail because Plaintiff does not have a statutory basis to bring the ERISA claim. *See Richard K. v. United BeHavioral Health*, 2019 WL 3083019, at *14-15 (S.D.N.Y. June 28, 2019) (stating that "'statutory standing'" is in fact a requirement that a plaintiff "'have a cause of action under the applicable statute'" and dismissing a plaintiff's ERISA claim because she was not a beneficiary under 29 U.S.C. § 1002(8)) (quoting *American Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)), *report and recommendation adopted*, No. 18 Civ. 6318, 2019 WL 3080849 (S.D.N.Y. July 15, 2019). Nevertheless, the Plan Administrator's decision is upheld -- under either a deferential or de novo standard of review -- because as discussed in detail above, the undisputed facts show that Plaintiff did not enroll in the Plan, and this failure to enroll, and not any alleged breach of fiduciary duty, caused Plaintiff's loss.[3]

---

[3] In opposition to the motion, Plaintiff narrows the laundry list of actions constituting an alleged breach of fiduciary duty to seven, but (except as discussed and rejected above) none of them caused Plaintiff's alleged injury -- the denial of survivor benefits, which was caused by Mr. Delia's failure to enroll in the Plan. Summary judgment is granted on the alternative basis that no reasonable jury could find causation, a necessary element of a breach of fiduciary duty claim. *See* 29 U.S.C. § 1109(a); *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 730 (2d Cir. 2013) (dissent in part, Straub, J.) (stating that an element of a breach of fiduciary duty claim is that the defendant's breach of its fiduciary duty caused a loss); *accord*

### B.     State Law Claims

"With certain exceptions, ERISA preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Cummings v. City of New York*, 302 F. Supp. 3d 511, 528 (S.D.N.Y. 2017) (quoting 29 U.S.C. § 1144(a)); *accord McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (ERISA "completely preempts any state-law cause of action that duplicates, supplements, or supplants an ERISA remedy.") (quotation marks omitted).  The Supreme Court has established a two-part test to determine whether a state-law claim is completely preempted.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-10 (2000); *accord McCulloch Orthopaedic*, 857 F.3d at 145-46.  Under this test, ERISA displaces a state law claim where: "(1) an individual, at some point in time, could have brought his claim under ERISA section 502(a)(1)(B) and (2) where no other independent legal duty is implicated by a defendant's actions . . ." *Davila*, 542 U.S. at 210 (numbering added).  "[A] state-law claim is completely preempted by ERISA only if both prongs of the test are satisfied." *McCulloch Orthopaedic*, 857 F.3d at 146 (citation omitted).  The Second Circuit has divided the test's first prong into two subparts.  *Id*.  Courts analyze "(1) whether the plaintiff is the type of party that can bring a claim pursuant to § 502(a)(1)(B) and also (1) whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." *Id*. (citation omitted).

The state law claims are not preempted because, as discussed above, Plaintiff never could have brought this claim under ERISA.  The preemption rule "would lead to a result that is both unjust and anomalous" if it were to apply after a claimant were barred from raising the ERISA

---

*Cates v. Trs. of Columbia Univ. in City of New York*, 16 Civ. 6524, 2020 WL 1528124, at \*4 (S.D.N.Y. Mar. 30, 2020).

claim on statutory grounds, as is the case here. *Id*. at 148.  The Court has diversity jurisdiction over the state law claims.

Plaintiff filed claims against UBS for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment.  ECF 33 ¶¶ 41-51, 59-61.  The breach of contract claim is dismissed because, on the record described above, no reasonable jury could find that Plaintiff is entitled to any benefits under the Plan.  Plaintiff also contends that her breach of contract claim is based on UBS' promise to provide "compensation in many [other] forms" too.  But because Plaintiff does not introduce any evidence of such other promises, any contract claim based on other writings is also dismissed.

The equitable claim for unjust enrichment also does not survive summary judgment because it is duplicative of the contract claim.  *See Corsello v. Verizon N.Y. Inc.*, 967 N.E. 2d 1177, 1185 (N.Y. 2012) ("[A]n unjust enrichment claim is not available where it simply duplicate, or replaces, a conventional contract or tort claim."); *accord Price v. L'Oreal USA, Inc.*, 17 Civ. 614, 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017).

Plaintiff asserts that the covenant of good faith and fair dealing was violated when UBS failed to timely notify him of his right to enroll, reasonably notify him of the prerequisites to enroll, afford him an opportunity to enroll and pay him the survivor benefits.  "'The implied covenant of good faith and fair dealing embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'"  *Int'l Cards Co., Ltd. v. Mastercard Int'l Inc.*, 13 Civ. 2576, 2016 WL 3039891, at *4 (S.D.N.Y. May 26, 2016) (quoting *ABN AMRO Bank, N.V. v. MBIA Inc.*, 952 N.E. 2d 463, 475 (N.Y. 2011)).  However, on the record described above, Plaintiff has not

proffered evidence from which a reasonable jury could find that UBS failed to provide Mr. Delia

notice of his right to enroll in the Plan.  Accordingly, this claim fails as a matter of law.

## IV.    CONCLUSION

For the reasons herein, Defendants' motion for summary judgment is granted and this

case is closed.  The Clerk of Court is respectfully directed to close docket nos. 56 and 65.[4]


Dated: July 15, 2020
       New York, New York


LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also argues that her counsel may be entitled to fees even if Plaintiff is not the
prevailing party.  However, attorneys' fees are available under ERISA only if the party has some
degree of success on the merits.  *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245
(2010); *Tedesco v. I.B.E.W. Local 1249 Insur. Fund*, 729 F. App'x 136, 138 (2d Cir. 2018)
(summary order).  The claim for fees is dismissed *sua sponte* because Plaintiff has not caused a
"material alteration of the legal relationship of the parties," and therefore has no claim to any
success on the merits.  *See Buckhannon Bd & Care Home, Inc. v. W. Virginia Dep't of Health &
Human Resources*, 532 U.S. 598, 604 (2001); *accord Tedesco*, 729 F. App'x at 138.  *See also
Jian Yang Lin v. Shanghai City Corp.*, 950 F.3d 46, 49 (2d Cir. 2020) ("District courts have the
discretion to grant summary judgment sua sponte, even without notice in certain
circumstances.") (quotation marks omitted).

13